PABLO PEDRAZA, Plaintiff and Appellant, v. JENARO GONZÁLEZ, ET AL., Defendants and Appellees.

No. 6182.   Argued December 12, 1933.—Decided December 15, 1933.

J. C. Rivera Morales for appellant.   González Fagundo & González, Jr., for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

This appeal was taken by the plaintiff because the District Court of Humacao set aside the entry of a default

against the defendants. Appellees did not submit any brief to us, nor did they appear at the hearing of the appeal.

During the trial of this case in the lower court the defendants, whose default had been noted by the clerk, appeared and presented a motion requesting that the entry of their default be set aside; and the court then suspended the trial, and subsequently ordered that the entry of default be canceled and admitted the answer to the complaint which was filed. At this stage of the proceedings, the present appeal was taken from said order without any judgment having been rendered on the merits of the case.

Generally, the questions relating to the opening of defaults are raised after judgment has been rendered; and an appeal taken from a decision which at that stage of the case grants or denies the setting aside of a default is covered by section 295, subdivision 3, of the Code of Civil Procedure, which authorizes an appeal from a special order rendered after final judgment. The instant case is different, for, as we have already stated, the order appealed from was rendered without judgment having been entered in the suit. It is similar to the case of *Dávila et al.* v. *Barreiro*, 20 P.R.R. 43, where at the request of defendant we dismissed the appeal for lack of jurisdiction to decide it, as the appeal was not authorized by said section 295. See also *Figueroa* v. *Saldaña Realty Co.*, 44 P.R.R. 71. Cases like the present one have been decided by us on writs of certiorari, which we have granted in the cases of *Franceschi et al* v. *Sepúlveda*, 27 P.R.R. 110, and *Porto Rico Railway Light & Power Co.* v. *Campillo*, 28 P.R.R. 928.

As we are not authorized by law to decide the appeal taken in the instant case, we are bound to dismiss the same.